a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ALI ABDIKHALAQ MOHAMED #A241-031-022, Petitioner | CIVIL DOCKET NO. 1:25-CV-00419 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JUSTIN WILLIAMS ET AL, Respondents | MAGISTRATE JUDGE PEREZ-MONTES |

## MEMORANDUM ORDER

Before the Court is a Petition for Writ of Habeas Corps under 28 U.S.C. § 2241 filed by pro se Petitioner Abdikhalaq Mohamed Ali ("Ali").[1]  Ali is an immigration detainee at Winn Correctional Central in Winnfield, Louisiana.  He challenges the legality of his continued detention.

To determine whether Ali may be entitled to relief, his Petition will be SERVED.

I.   Background

Ali is a native and citizen of Somalia.  ECF No. 1-2 at 3.  He entered the United States at a Port of Entry in California on March 15, 2023, without valid documents.  ECF No. 3-1 at 11, 32.  Immigration officials declined to release Ali on parole.  ECF No. 3-1 at 39-47.

---

[1] Although the docket sheet and original Petition indicate that Petitioner's name is Ali Abdikhalaq Mohamed, the envelope (ECF No. 1-4), Amended Petition (ECF No. 3), and exhibits (ECF No. 3-1 at 1-45) indicate that Ali is Petitioner's last name.

1

An immigration judge ordered that Ali be removed to Somalia on March 1, 2024. ECF No. 3-1 at 1. Ali became aware that immigration officials were attempting to remove him to Ethiopia,[2] and he sought temporary protected status. ECF No. 3-1 at 9. Ali indicates that his application is pending. *Id.* at 3.

Ali seeks release pursuant to *Zadvydas v. Davis*, 533 U.S. 678 (2001). Ali alleges that Immigration and Customs Enforcement ("ICE") is attempting to deport him to Ethiopia, which is aware that he is Somali and does not recognize dual citizenship. ECF No. 3-1 at 3. Ali provides evidence from the Somalian Embassy supporting his claim of citizenship and verifying the existence of a Somalian passport. *Id.* at 5-6. Ali alleges that his removal to either country is unlikely to occur in the reasonably foreseeable future.

## II.  Service of Process

To determine whether Ali is entitled to relief, THE CLERK IS DIRECTED to serve a summons, a copy of the Petition and Amended Petition (ECF Nos. 1, 3), and a copy of this Order, by certified mail, on: (1) the United States through the United States Attorney for the Western District of Louisiana; (2) the United States Attorney General; (3) DHS/ICE through its Office of General Counsel; and (4) the Warden of Winn Correctional Center.[3]

---

[2] Ali alleges that he has an Ethiopian passport, which he obtained fraudulently to flee Somalia. ECF No. 3-1 at 11. However, he attests that he is Somali. ECF No. 3-1 at 5-6. Ali alleges that he cannot obtain a replacement Somalian passport without physically traveling to the embassy in Washington, D.C., which he is unable to do because of his detention. ECF No. 3-1 at 14.

[3] Ali names several other Respondents. Because the warden of the facility where a petitioner is detained is the only proper respondent, service is being withheld as to others. *See*

IT IS ORDERED that a Response be filed within **60 days** following the date of service, with summary judgment evidence indicating whether Petitioner's order of removal is final, whether there is a significant likelihood of removal in the reasonably foreseeable future, and whether Petitioner's detention is otherwise lawful. This evidence shall include information regarding efforts made to obtain travel documents.

IT IS FURTHER ORDERED that Petitioner shall have 30 days following the filing of Respondents' answer to produce contradictory summary judgment evidence on the issue of the lawfulness of his detention.

After the record is complete and delays have run, the Court will determine if genuine issues of material fact exist, which preclude summary judgment and necessitate an evidentiary hearing. If no hearing is necessary, a Report and Recommendation will be issued without further notice.

SIGNED on Thursday, April 24, 2025.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

---

*Rumsfeld v. Padilla*, 542 U.S. 426, 439 (2004); *Duong v. Tate*, 24-CV-4119, 2025 WL 933947, at *1 (S.D. Tex. 2025); *da Silva v. Nielsen*, 5:18-MC-00932, 2019 WL 13218461, at *6 (S.D. Tex. 2019) (court agreed with Government that the "well-established default rule" is that the warden with immediate custody of a petitioner is the only proper respondent); *Srithayaparan v. Venturella*, 2008 WL 11399489, at *2 (S.D. Tex. 2008).