a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| ABDIKHALAQ MOHAMED ALI<br>#A241-031-022,<br>Plaintiff | CIVIL DOCKET NO. 1:25-CV-00419<br>SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| JUSTIN WILLIAMS ET AL,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus, Amended Petition for Writ of Habeas Corpus, and a Motion to Expedite Decision filed by Petitioner Abdikhalaq Mohamed Ali ('Ali'). ECF Nos. 1, 3, & 23. The Government filed a response to the Petitions and the Motion to Expedite Decisions. ECF Nos. 11 & 25. Ali filed replies to the Motion to Expedite Decision. ECF Nos. 26 & 28.

Because there is no substantial likelihood of Ali's removal in the reasonably foreseeable future, **IT IS RECOMMENDED** that the Petitions (ECF Nos. 1 & 3) be **GRANTED** and Ali be released under appropriate conditions. **IT IS FURTHER RECOMMENDED** that Ali's Motion to Expedite Decision (ECF No. 23) be **DENIED AS MOOT**.

### I.    Background

The Court previously summarized the factual background of this case as follows:

1

On or about March 16, 2023, U.S. Customs and Border Protection ("CBP") encountered Ali at the San Ysidro Port of Entry carrying a fraudulent passport. The following month, the Department of Homeland Security ("DHS") sent Ali a Notice to Appear, charging him as removable due to his failure to possess a valid immigrant visa, border crossing identification card, or reentry permit. Ali applied for asylum, his case was tried, and on March 1, 2024, Ali was ordered removed to Somalia. Throughout this time, Ali has maintained that he is a Somali national, whereas the Government has alleged that Ali's Somalia travel documents were fraudulent, and he is actually a native and citizen of Ethiopia.

Ali filed his first application to the Temporary Protective Status Program ("TPS") on August 27, 2024, which was denied due to failure to appear to a USCIS mandated biometrics scanning.  However, Ali asserts that his detention precluded him from appearing to the scanning. ICE requested travel documents from Ethiopia on February 13, 2025, and Ethiopia issued a second travel document for Ali's removal on March 21, 2025. On March 31, 2025, Ali filed a Writ of Habeas Corpus and amended it on April 11, 2025—a little over a month before his scheduled removal from the United States. On May 12, 2025, Ali refused to comply during the airplane boarding process. As a result of the incident, Ali was notified that his removal date would be rescheduled and would occur "within the next 30 days."

On July 14, 2025, Ali applied for another TPS. The application remains pending. The next day at 5:58 p.m., Ali's counsel was notified that Ali would be removed to Ethiopia on July 16, 2025.  The following morning, Ali filed this Motion seeking to stop his deportation, and alleging that all requirements of a temporary restraining order ("TRO") are met. After a short extension and a halt of removal pending a ruling on the TRO, the Government filed its response to the TRO, and Ali filed a reply.

ECF No. 22 at 1-3 (internal citations omitted).

Ali filed a Motion for TRO (ECF No. 14), asking that the Government be prohibited "from removing him from the United States while his [second] application for TPS is pending."  ECF No. 22 at 6 (citation omitted).  The Court found it lacked jurisdiction to prohibit Ali's removal and, alternatively, that it could not determine

2

his prima facie eligibility regarding his TPS application. *Id.* at 4-8. Therefore, the Court denied Ali's Motion for TRO. *Id.* at 8.

On November 5, 2025, Ali filed a Motion and Memorandum for Ruling on Habeas Relief. ECF No. 23. Ali maintains his removal is not reasonably foreseeable because he "filed a prima facie approvable application for TPS Somalia . . . , which makes any removal from the United States a legal impossibility." *Id.* at 1. He moves the Court to release him on an order of supervision pursuant to 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S.C. 678, 699 (2001). ECF No. 23 at 7. The Government responds that the Court has already found it cannot make determinations regarding Ali's TPS status, Ali's failure to cooperate with removal tolled his removal period, and Ali's removal is imminent. ECF No. 25. Therefore, the Government urges this Court to deny Ali's Petitions for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. *Id.* at 3.

On January 22, 2026, the Court convened an oral argument for this matter and ordered supplemental briefing. ECF No. 30. In the supplemental briefing, Ali argues the Government's attempt to remove him to Ethiopia, a third-party country, was unlawful and thus "any 'frustration' of [his] removal at that time could not have amounted to anything other than lawful resistance to illegal state action." ECF No. 31 at 1. Ali additionally re-urges that his filing of a prima facie eligible TPS application "suffices to stay his removal and render it 'no longer reasonably foreseeable.'" *Id.* at 5. Finally, Ali argues he is entitled to release under *Zadvydas* because the Government has determined he can be removed despite his pending TPS application yet has failed to do so. *Id.* at 7. In response, the Government argues Ali

3

is not prima facie eligible for TPS, may be removed to Ethiopia, has thwarted his own removal efforts, and fails to show his removal is not reasonably foreseeable. ECF No. 34.

Ali's Petitions seeking release from detention are now ripe for disposition.

## II.    Law and Analysis

After an alien is ordered removed, the Government has 90 days with which to effectuate the removal. *See* 8 U.S.C. § 1231(a)(1)(A). However, § 1231 permits detention beyond 90 days for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas*, 533 U.S. at 701. In fact, detention for up to six months is "presumptively reasonable." *Id.*

Afterward, if the alien "provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," the Government must either rebut that showing or release him. *Id.*; *see also* 8 CFR § 241.13 (setting forth the *Zadvydas* procedures). The petitioner bears the initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. *See Andrade v. Gonzales*, 459 F.3d 538 (5th Cir. 2006). The alien's claim must be supported by more than mere "speculation and conjecture." *Idowu v. Ridge*, No. 03-cv-1293, 2003 WL 21805198, *4 (N.D. Tex. Aug. 4, 2003) (citing *Fahim v. Ashcroft*, 227 F. Supp. 2d 1359, 1366 (N.D. Ga. 2002)).

Furthermore, the United States Court of Appeal for the Fifth Circuit has held that the removal period may be tolled if an alien intentionally prevents immigration authorities from effecting his removal. *Balogun v. INS*, 9 F.3d 347, 350-51 (5th Cir.

1993); *see also Benn v. BICE*, 82 Fed. Appx. 139 (5th Cir. 2003) (unpublished). "That tolling continues until he cooperates with ICE in effectuating removal or his obstruction no longer prevents it." *Lawal v. Lynch*, 156 F. Supp. 3d 846, 854 (S.D. Tex. 2016); *see also Alfred v. Noem*, 1:25-CV-00425, 2025 WL 1482014, at *1 (W.D. La. Apr. 29, 2025), *report and recommendation adopted as modified*, 2025 WL 1481565 (W.D. La. May 22, 2025) (continued detention was lawful because petitioner thwarted his removal); *Kharash v. Holder*, 14-CV-0648, 2015 WL 920796, at *4 (W.D. La. Mar. 3, 2015).

Here, the Government alleges Ali failed to comply with removal efforts from March 2024 to May 2025. ECF Nos. 12 ¶20 & 34 at 4. But even assuming the Government has demonstrated Ali's noncompliance, a question this Court does not decide,[1] equitable tolling only extends the reasonable six-month period to November 12, 2025. This period expired nearly three months ago. Thus, Ali has been detained beyond the presumptively reasonable period, and the presumption of reasonableness no longer applies. *See Shengelia v. Ortega*, 5:25-CV-1545, 2025 WL 3654368, at *3 (W.D. Tex. Dec. 16, 2025).

Ali has satisfied his initial burden of demonstrating that a likelihood of removal in the reasonably foreseeable future does not exist. Ali primarily argues his removal is a "legal impossibility" because he "filed a prima facie approvable application for TPS Somalia." ECF No. 23 at 1. He further notes the Government has determined he is eligible for removal despite his pending application, but he still

---

[1] As explained *supra*, Ali strongly contests the legality of his attempted removal to Ethiopia. ECF No. 31.

has not been deported or released. ECF No. 31 at 7. This Court "cannot determine whether Ali has established his prima facie case of eligibility regarding his TPS," ECF No. 22 at 6, but it need not do so here. The Court has denied Ali's request for a TRO, and the Government has taken the position that Ali is not prima facie eligible for TPS. Ali has shown that, despite his purported eligibility for removal, the Government has not taken any recent steps to remove him. The record is notably devoid of evidence substantiating the nature of *any* recent efforts to remove Ali. Accordingly, Ali provides good reason to believe there is no significant likelihood of his removal in the foreseeable future.

The Government asserts "Ethiopia has issued a travel document for [Ali's] repatriation on three occasions," ECF No. 25 at 2, but the issuance of travel documents prior to July 16, 2025, fails to support that there is a significant likelihood of removal in the reasonably foreseeable future. Indeed, it is not apparent from the record that the Government has *requested* travel documents from Ethiopia at any point since Ali's last scheduled removal. Accordingly, the Government fails to refute Ali's assertion. Considering Ali's lengthy detention and the lack of information regarding any removal efforts in the last six months, the Court finds Ali has shown his removal is not reasonably foreseeable. *See Olya v. Garite*, 25-CV-00083-DCG, 2025 WL 3254931, at *6 (W.D. Tex. Oct. 14, 2025).

The Court is mindful that the Government has the right to enforce Ali's Order of Removal. But the government may not detain him for an indefinite and undetermined period while it tries to effect that removal. Ali's removal is not

substantially likely to occur in the reasonably foreseeable future. His continued detention violates the Due Process Clause, as explained in *Zadvydas*.

## III.   Conclusion

Because there is no substantial likelihood of Ali's removal in the reasonably foreseeable future, **IT IS RECOMMENDED** that the Petitions (ECF Nos. 1 & 3) be **GRANTED** and Ali be released under appropriate conditions. **IT IS FURTHER RECOMMENDED** that Ali's Motion to Expedite Decision (ECF No. 23) be **DENIED AS MOOT**.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Monday, February 23, 2026.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

7